**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David Casimiro BRAVO–CUEVAS, Defendant–Appellant.**

No. 09–10219.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

. Filed March 2, 2010.

Frederick A. Battista, Assistant U.S., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Daniel Robert Drake, Drake Law, PLC, Phoenix, AZ, for Defendant–Appellant.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

David Casimiro Bravo–Cuevas appeals from the nine-month sentence imposed following the revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bravo–Cuevas contends that his due process rights were violated by the district court's denial of his right to confront and cross-examine witnesses. We review for plain error because Bravo–Cuevas failed to object to the hearsay testimony of the probation officer, and failed to challenge the accuracy of the documentation used to support the allegation that he violated a condition of his supervised release. See United States v. Rodriguez–Lara, 421 F.3d 932, 948 (9th Cir.2005). The district court listened to the testimony and reviewed the documentation before concluding that the government had proved the violation by a preponderance of the evidence. On these facts, the district court's failure to balance Bravo–Cuevas' right to confront and cross-examine witnesses against the government's good cause for denying the right did not constitute plain error because any error did not affect his substantial rights. See United States v. Simmons, 812 F.2d 561, 564–65 (9th Cir.1987); see also United States v. Comito, 177 F.3d 1166, 1170 (9th Cir.1999).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

